Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered March 21, 2012, as amended May 16, 2012, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance near school grounds and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to concurrent terms of six years, unanimously affirmed.
To the extent defendant is making a legal sufficiency claim, it is unpreserved and we decline to review it in the interest of *416 justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence supports the jury’s rejection of defendant’s agency defense. There is no basis for disturbing the jury’s credibility determinations. To be the buyer’s agent, a person “must be a mere extension of the buyer,” who procures drugs “because the buyer has asked him to do so, but not out of any independent desire or inclination to promote the transaction” (People v Argibay, 45 NY2d 45, 53-54 [1978]). A person who acts as a middleman or a broker between a seller and a buyer, “aiming to satisfy both, but largely for his own benefit, cannot properly be termed an agent of either” (Argibay, 45 NY2d at 53). Although “the receipt of an incidental benefit does not in itself negate an agency defense” (People v Echevarria, 21 NY3d 1, 21 [2013]), defendant’s demand for a $10 “transportation fee,” without which he refused to complete the $20 transaction, was more than an incidental benefit or tip (see People v Lam Lek Chong, 45 NY2d 64, 74-76 [1978], cert denied 439 US 935 [1978]). Concur — Tom, J.E, Saxe, DeGrasse, Richter and Clark, JJ.